UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIA AMERICA, INC., | Civil Action No.: 2:24-cv-440 |
| Plaintiff, | CIVIL ACTION |
| - against - | |
| AMERCO REAL ESTATE COMPANY, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Kia America, Inc., hereby files this Complaint against Defendant AMERCO Real Estate Company, and in support thereof avers the following:

1. Plaintiff Kia America, Inc., is a California corporation that conducts business in the Commonwealth of Pennsylvania. Plaintiff's principal place of business is 111 Peters Canyon Road, Irvine, CA 92606.

2. Defendant AMERCO Real Estate Company (hereinafter "AREC") is a corporation incorporated under the laws of Nevada, with a principal place of business at 2727 N. Central Ave, Phoenix, AZ, 85004.

3. At all times material hereto AREC was the owner or lessor, and responsible for the care, custody, control, ownership, management, and maintenance of, a building located at 8 E. Oregon Avenue in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 USC § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court pursuant to 28 USC § 1391(a) in that this Court sits within the judicial district in which the events and actions giving rise to Plaintiff's claim occurred.

## FACTUAL ALLEGATIONS

6. This is a negligence action seeking damages for the destruction in whole or in part of approximately 182 motor vehicles Plaintiff was storing as inventory in a parking lot at 4 East Oregon Avenue in Philadelphia, Pennsylvania.

7. The building located at 8 East Oregon Avenue in Philadelphia, leased by AREC to U-Haul of Pennsylvania, is adjacent to the parking lot at 4 East Oregon Avenue.

9. An inspection of the building, performed after its purchase by AREC and before its lease to U-Haul, revealed that the roof, including the edge flashing along the roof at the west side of the building, was in a defective, deteriorating, distorted, uneven, and unsafe condition, or was otherwise in a defective condition.

10. That defective condition significantly reduced the wind resistance capability of the roof, such that it was subject to catastrophic failure and displacement during a foreseeable storm.

11. When on April 15, 2019 one such storm occurred, the roof disintegrated, detaching from the building and sending debris into the adjacent lot, damaging plaintiff's vehicles.

12. The failure of the roof was a direct result of AREC's negligence.

13. AREC knew or should have known that its roof and its connections, including but not limited to, its western edge, were in a dangerous and hazardous condition, and in a state of disrepair.

14. AREC purchased the building with the knowledge or constructive knowledge that the condition of its roof and its connections would put both pedestrians on Oregon Avenue and its neighbors at 8 East Oregon Avenue at risk of personal injury and/or property damage.

15. Despite this knowledge or constructive knowledge, the defective and dangerous condition of the roof was not repaired or remediated in any manner by AREC, or otherwise.

## **NEGLIGENCE**

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 as though the same were fully set forth at length herein.

17. A landowner is subject to liability for harm caused on an adjacent property by a condition of the owner's property if the exercise of reasonable care would have disclosed the condition, and the property could have been made reasonably safe.

18. AREC had a duty to protect Plaintiff from and take precautions against dangerous conditions on its property.

19. At all times relevant hereto the roof of AREC's building was dangerous, defective, and/or in a state of disrepair.

20. AREC knew or should have known of the roof's defective and dangerous condition.

21. AREC had sufficient time prior to April 15, 2019, both before and after leasing the building to U-Haul, to take appropriate corrective action so as to prevent the damage to Plaintiff's property.

22. The damage to Plaintiff's property was caused by the negligence and carelessness of AREC in allowing the structurally unsound, defective, dangerous, and hazardous condition of the roof to exist on the building.

23. The damage to Plaintiff's property was caused by the negligence and carelessness of AREC in failing to repair, replace, correct, or remove the building's defective roof in a prompt and adequate manner.

24. The damage to Plaintiff's property was caused by the negligence and carelessness of AREC in failing to secure the defective roof to the main structure of the building.

25. The damage to Plaintiff's property was caused by the negligence and carelessness of AREC in leasing a building with a roof in a defective and dangerous condition.

28. The subject incident was caused by the negligence and carelessness of AREC in failing to use reasonable prudence and care in hiring workers and/or contractors with the necessary skills, training, and knowledge to repair the subject roof.

29. The subject incident was caused by the negligence and carelessness of AREC:

    a) Breaching its duties under §364 of the Restatement (Second) of Torts;

    b) Breaching its duties under §365 of the Restatement (Second) of Torts;

    c) Breaching its duties under §366 of the Restatement (Second) of Torts;

    d) Breaching its duties under §378 of the Restatement (Second) of Torts;

    e) Failing to thoroughly inspect and repair its property prior to having a tenant take possession, putting at risk members of the public admitted to the site, on surrounding public walkways and streets, and on its neighbors' properties.

    f) Leasing a property in violation of the Pennsylvania Building Code, and other municipal and state codes, laws or ordinances; and

    g) Being otherwise negligent and careless.

30. As a direct and proximate result AREC's negligence and carelessness, Plaintiff has sustained damages in excess of $2,135,683.80. Such damages include:

  a. The value of vehicles damaged beyond repair and unable to be salvaged;

  b. The cost of repair to damaged vehicles;

  c. The diminution of value of damaged vehicles;

  d. The cost of storing, surveying, valuing, salvaging, and disposing of damaged vehicles;

  e. The loss of profits, and other consequential damages proximately caused by the negligence of AREC.

**WHEREFORE**, Plaintiff Kia Motors America, Inc. demands judgment against Defendant AMERCO Real Estate Company in excess of $2,135,683.80, plus future damages sustained, interest, attorney's fees, and costs.

Plaintiff Kia Motors America, Inc. demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

By: *Gerard Cedrone*
Gerard Cedrone, Esquire
Howard Donahue, Esquire
Attorneys for Plaintiff,
Kia America, Inc.

DATED: January 30, 2024